# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL A. HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV127 SNLJ |
| | ) | |
| CAPE GIRARDEAU COUNTY JAIL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Darryl House (registration no. ), an inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $33.83. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will require plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $169.13, and an average monthly balance of less than $169.13. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $33.83, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights. Plaintiff alleges that defendants Frederick and Waltz censored mail addressed tp plaintiff's attorney, and plaintiff alleges that it damaged his position in a legal case. Plaintiff alleges that defendant Stevens told him that it was contraband because it contained material obtained from another inmate.

**Discussion**

Plaintiff's claim against the Cape Girardeau County Jail is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have twenty-eight days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are

deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff wishes to sue defendants in their individual capacities, he must specifically say so in the amended complaint. If plaintiff fails to file an amended complaint within twenty-eight days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $33.83 within twenty-eight (28) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint no later than twenty-eight (28) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 5th day of September, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE